# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LINDA COOKE, M.D. & LINDAN, LLC, | ) |
| Plaintiffs, | ) Case Number: 4:18-cv-1878 |
| v. | ) Missouri Circuit Court for Marion County at Hannibal |
| QUINCY PHYSICIANS & SURGEONS CLINIC S.C. d/b/a QUINCY MEDICAL GROUP, | ) Cause No.: 18MR-CV01135 |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Quincy Physicians & Surgeons Clinic, d/b/a Quincy Medical Group ("QMG"), by and through its attorneys, Schmiedeskamp Robertson Neu & Mitchell LLP, and for its Notice of Removal of this lawsuit, originally filed in Missouri Circuit Court for Marion County at Hannibal, hereby states as follows:

1. This case is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

2. Plaintiffs' Petition[1] asserts allegations of fraud that arise out of an alleged breach of a lease and an employment agreement. (Ex. A, Pls' Petition). Plaintiffs also seek a declaratory judgment on the lease and employment agreement. (Ex. A, Pls' Petition, Count I).

---

[1] Plaintiffs filed an original Petition on August 27, 2018, and then an Amended Petition on September 25, 2018. See the state court docket sheet attached and incorporated into Exhibit A, along with the remaining State Court file. For purposes of this Notice of Removal, Defendant refers to the Petition dated September 25, 2018.

00820723                                           1

3. The citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes).

4. In Plaintiffs' Petition, Linda Cooke states she is a resident of the State of Missouri, Lindan, LLC, is a Missouri Limited Liability Company, and Linda Cooke is one of the principals and a member of Lindan, LLC. (Ex. A, Pls' Petition, paras. 2-4).

5. In Plaintiffs' Petition, Luke and Patricia Terstriep are members of Lindan, LLC, who live at 6930 Horseshoe Valley Road, Quincy, Illinois.

6. In Plaintiffs' Petition, QMG is an Illinois corporation. (Ex. A, Pls' Petition, para.5).

7. While on its face it would appear removal by complete diversity cannot be achieved because the Terstrieps are domiciled in Illinois, for purposes of determining removal in this case, this Court should not consider Plaintiff Lindan, LLC, and its members place of domicile because it has no real interest in the litigation.

8. When considering citizenship in removing a case, a court will only consider the named parties with a real interest in the litigation. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savs. Ass'n v. Lee*, 446 U.S.458, 461 (1980) (jurisdiction upheld). "A real-party-in-interest defendant is one who, according to applicable substantive law, has the duty sought to be enforced or enjoined." 15 Moore's Federal Practice ¶ 102.15.

9. In the Plaintiffs' seven (7) count Petition, Lindan, LLC, ("Lindan") is only seeking a declaratory judgment determination in Count I based on the written lease it entered into with QMG. The fact that Lindan has only one of the seven counts is **not** the reason it is not a real-party-

in interest. The reason Lindan is not a "real-party in interest" is Lindan and QMG already entered into a Lease Termination Agreement legally terminating the Lease. (See Lease Termination Agreement attached hereto and incorporated herein as Exhibit B).

10. Lindan, in Count I, is seeking a declaration that the Lease be voided by the court. The fact is Lindan and QMG have already terminated the Lease between them pursuant to the Lease Termination Agreement. Defendant will be filing a motion to dismiss on this count because Lindan's declaratory judgment claim is moot.

11. A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Rockett v. Radar, Inc.*, 97 S.W.3d 535 (Mo. Ct. App. 2003).

12. Here, Lindan and QMG have already disposed of the Lease by entering into the Lease Termination Agreement. There can be no judgment rendered vacating the Lease, as requested, because the parties have already terminated it.

13. Therefore, for purposes of determining complete diversity to remove the case, this Court should only consider the domicile of the Plaintiff Linda Cooke, individually a resident of Missouri, and QMG, an Illinois corporation with its principal place of business in Quincy, Illinois.

14. A corporation "shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

15. QMG is incorporated in the State of Illinois and has its corporate headquarters in Quincy, Illinois where the company's executive, administrative, legal, payroll, accounting, marketing, and other related functions and activities occur. (See Declaration of Citizenship attached hereto and incorporated herein as Exhibit C). Because QMG is incorporated in the State of Illinois and its principal places of business is located in the State of Illinois, it is a citizen of the state of Illinois.

16. The Plaintiff, Linda Cooke, is a citizen of a state of Missouri. The Defendant is a citizen of the State of Illinois. Therefore, this is an action between citizens of different states and subject matter jurisdiction is proper in this Court pursuant to U.S.C. § 1332.

17. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

18. Plaintiff Linda Cooke alleges in her Petition that she incurred damages exceeding Three Million Four Hundred Thousand Dollars ($3,400,000.00). (Ex. A, Pls' Petition ¶66).

19. Filed with this Notice of Removal, and attached as Exhibit A, is a true and correct copy of all process, papers, pleadings, exhibits, and orders contained in the Missouri Circuit Court file.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(b) because this action was originally filed in the Circuit Court of Marion County, Missouri which is included in this Court's judicial area.

21. Attached as Exhibit D is the Original Filing Form.

WHEREFORE, Quincy Physician & Surgeons Clinic S.C. d/b/a Quincy Medical Group prays this cause of action be removed from the Circuit Court of Marion County, Missouri.

By: /s/ James A. Hansen
James A Hansen; #48906
Schmiedeskamp Robertson Neu & Mitchell LLP
Attorneys for Defendant Quincy Physicians &
Surgeons Clinic, d/b/a Quincy Medical Group
525 Jersey Street
Quincy, IL 62301
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: jhansen@srnm.com

## PROOF OF SERVICE

I hereby certify that on the 2nd day of November, 2018, a true and correct copy of the foregoing was forwarded to all counsel of record by placing same in a U.S. Mail box, correctly addressed and postage fully prepaid, as follows:

James F. Lemon
Lemon Law Firm, LLC
119 S. 10th Street
Hannibal, MO 63401

(Attorney for Plaintiffs)

/s/ James A. Hansen
James A Hansen; #48906