# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LINDA COOKE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:18-CV-98 PLC |
| | ) |
| QUINCY PHYSICIANS & SURGEONS CLINICS, S.C., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to remand filed by Plaintiffs Dr. Linda Cooke and Lindan LLC (collectively, "Plaintiffs") [ECF No. 11] and the motion to dismiss filed by Defendant Quincy Physicians & Surgeons Clinics, S.C., d/b/a Quincy Medical Group ("QMG") [ECF No. 9].[1] On January 16, 2019, the Court held a hearing on Plaintiffs' motion to remand and QMG's motion to dismiss. For the following reasons, the Court grants Plaintiffs' motion to remand and denies as moot Defendant's motion to dismiss.

### I.  Background

Dr. Cooke is a physician and member of Lindan, which owned an office building in Hannibal, Missouri. Prior to 2010, Dr. Cooke engaged in her own medical practice, leasing office space from Lindan. Lindan's members are Dr.Cooke and Daniel Cooke, Illinois citizens, and Patricia and Luke Terstriep, Missouri citizens.

In 2010, Dr. Cooke transferred her practice to QMG, an Illinois corporation, but continued operating with the same name and identity. During the parties' negotiations, QMG offered to enter a lease agreement with Lindan. QMG assured Dr. Cooke that the lease would

---

[1] The parties consented to a United States Magistrate Judge's exercise of jurisdiction over this matter under 28 U.S.C. § 636(c). [ECF No. 12]

terminate "if/when Dr. Cooke leaves QMG." [ECF No. 11-3 at 9] Plaintiffs allege that, "based upon [QMG's representations], Plaintiffs signed the relevant documents[.]" [ECF No. 14 at ¶ 15] Dr. Cooke and QMG entered an "Associate Physician Employment Agreement" in December 2010. [ECF No. 14-3] Approximately six months later, Lindan and QMG entered a lease agreement ("the Lease"). [ECF No. 14-2] The Lease did not provide that it would terminate if/when Dr. Cooke's employment with QMG ended.

Dr. Cooke resigned her employment with QMG in July 2018. Plaintiffs allege that, after the employment relationship ended, QMG refused to vacate the building.

Plaintiffs filed a seven-count amended petition against QMG in the Circuit Court of Marion County, Missouri. [ECF No. 14] In Count I, Plaintiffs seek a judgment declaring that the Lease and employment agreement are void for fraudulent inducement. Dr. Cooke seeks monetary relief for fraud (Counts II, III, IV), conversion (Count V), "detrimental reliance/promissory estoppel" (Count VI), and unjust enrichment (Count VII). QMG removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1446. [ECF No. 1]

## II.  *Legal Standard*

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

### III. Discussion

Plaintiffs move for remand to state court, arguing that, because QMG and Lindan are Illinois citizens, complete diversity does not exist and, as a result, the Court lacks subject matter jurisdiction. [ECF No. 11] QMG opposes remand, arguing that "the Court should not consider Plaintiff Lindan, LLC, and its members' place of domicile as it has no real interest in the litigation[.]" [ECF No. 21 at 3]

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "[I]n a case where there are plural plaintiffs and plural defendants, a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." Iowa Public Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 403-04 (8th Cir. 1977).

On the face of Plaintiff's amended petition, there is not complete diversity among the parties. Lindan is a citizen of Illinois and Missouri. See id. ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."). QMG is also a citizen of Illinois. See 28 U.S.C. § 1332(c)(1) (A corporation is "deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business.").

QMG argues that subject matter jurisdiction exists on the basis of diversity jurisdiction because Lindan is not a real party in interest and should not be considered for purposes of determining diversity of citizenship. [ECF No. 21 at 3] More specifically, QMG asserts that Lindan "has no interest in this case" because the parties signed a "Lease Termination Agreement," mooting Lindan's action for a declaratory judgment that the Lease was void for fraud in the inducement.[2] Plaintiffs counter that Lindan's claim is not moot because "the lease termination did not fully conclude the lease or the rights and obligations of the parties thereunder, and in fact specifically extended certain rights of [QMG] past the termination date." [ECF No. 11 at 4]

If a "'nondiverse' plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." Med. Bow, 556 F.2d at 404. On the other hand, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Id. A real party in interest is a party that, "under governing substantive law, is entitled to enforce the right asserted[.]" Id. See also Foslip Pharms., Inc. v. Metabolife Int'l, Inc., 92 F.Supp.2d 891, 907 (N.D. Iowa 2000).

As the party invoking removal jurisdiction and opposing remand, QMG bears the burden of establishing federal subject matter jurisdiction by proving that Lindan is not "entitled to enforce" its action for declaratory judgment. However, QMG merely asserts in a conclusory manner and without citation to legal authority that the lease termination agreement rendered

---

[2] In support of its position, QMG submits a "Lease Termination Agreement" dated September 13, 2018. [ECF No. 21-1]

moot Plaintiffs' claims that QMG fraudulently induced Plaintiffs to sign the Lease.[3] "The fact that a plaintiff's claim may lack legal or factual merit does not necessarily mean that he lacks standing to assert the claim as a real party in interest." Med. Bow, 556 F.3d at 405. QMG did not satisfy its burden to prove that Lindan is not a real party in interest, and the Court must resolve all doubts in favor of remand to state court.

Because Lindan and QMG are citizens of Illinois, complete diversity does not exist among the parties. The Court therefore finds that it lacks subject matter jurisdiction and remands this action to state court.[4]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand [ECF No. 11] is **GRANTED** and the Clerk of Court is directed to remand this case to the Circuit Court of Marion County, Missouri.

**IT IS FURTHER ORDERED** that QMG's motion to dismiss [ECF No. 9] is **DENIED without prejudice** as moot.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2019

---

[3] QMG cites only Rockett v. Radar, Inc., 97 S.W.3d 535 (Mo.App. 2003), which involved a claim for unemployment benefits and addressed mootness generally, but not as it relates to contract disputes.

[4] Because the Court is remanding this case to state court for lack of jurisdiction, it will not address QMG's motion to dismiss for failure to state a claim. That motion will be denied as moot.